UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
:
CARLOS ALBERTO GANAN RAMIREZ,    :
:   20 Civ. 4009 (WHP)
             Petitioner,   :   16 Cr. 782 (WHP)
:
   - v -     :
:
UNITED STATES OF AMERICA,    :
:
             Respondent.   :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM OF LAW OF THE UNITED STATES OF AMERICA
IN OPPOSITION TO PETITIONER CARLOS ALBERTO GANAN RAMIREZ'S
MOTION TO VACATE, ALTER, OR AMEND JUDGMENT**

                                      AUDREY STRAUSS
                                      Acting United States Attorney
                                      for the Southern District of New
                                      York
                                      One St. Andrew's Plaza
                                      New York, NY 10007

SIDHARDHA KAMARAJU
Assistant United States Attorney
   *Of Counsel*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 5
BACKGROUND .......................................................................................................................... 7
ARGUMENT ............................................................................................................................... 11
I.   APPLICABLE LAW ........................................................................................................ 11
II.  DISCUSSION .................................................................................................................. 12
CONCLUSION ........................................................................................................................... 17

## TABLE OF AUTHORITIES

*Pabon v. Wright*, 459 F.3d 241 (2d Cir. 2006) ................................................................................ 11

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471 (2d Cir. 2006) ............................................. 11

*Strickland v. Washington*, 466 U.S. 668 (1984) ..................................................................... 11, 12

*Perez v. Conway*, No. 09 Civ. 5173,

2011 U.S. Dist. LEXIS 28164 (S.D.N.Y. Mar. 18, 2011)   .................................................... 11, 12

*Harrington v. Ritcher*, 562 U.S. 86 (2011) ................................................................................... 12

*United States v. Deaza-Alcala*, No. 15 Cr. 321 (GHW),

2019 WL 2208839 (S.D.N.Y. May 21, 2019) ............................................................................... 12

*Aparicio v. Artuz*, 269 F.3d 78 (2d Cir. 2001) ............................................................................. 13

*Brown v. Fillion*, No. 03 Civ. 5391 (DLC) (GWG),

2005 U.S. Dist. LEXIS 11378 (S.D.N.Y. June 5, 2005) ................................................................ 13

*Dodakian v. United States*, No. 14-CV-01188 (AJN)(SN),

2015 U.S. Dist. LEXIS 179409 (S.D.N.Y. Aug. 14, 2015). .......................................................... 13

*Ruggiero v. United States*, No. 10 Civ. 2941 (LMM),

2011 U.S. Dist. LEXIS 18625 (S.D.N.Y. Feb. 25, 2011). ............................................................. 13

*United States v. Wills*, 476 F.3d 103 (2d Cir. 2007). .................................................................. 13

*Raupp v. United States*, No. 06 Civ. 7161 (SAS),

2007 U.S. Dist. LEXIS 85625 (S.D.N.Y. Nov. 14, 2007) ............................................................. 14

*United States v. Brown*, 321 F.3d 347 (2d Cir. 2003) ................................................................. 14

*United States v. Cohen*, No. 18 Cr. 602 (WHP),

2020 U.S. Dist. LEXIS 50892 (S.D.N.Y. Mar. 24, 2020) ............................................................. 14

*United States v. Rexach*, 896 F.2d 710 (2d Cir. 1990) ................................................................ 14

*United States v. Scarpa*, 861 F.3d 59 (2d Cir. 2017) .................................................................. 14

*Sears v. Upton*, 561 U.S. 945 (2010) ............................................................................................ 15

*United States v. Djelevic*, 161 F.3d 104 (2d Cir. 1998). .............................................................. 15

*United States v. Williams*, 448 Fed.Appx. 156 (2d Cir. 2012) .................................................... 15

*Gonzalez v. United States*, 722 F.3d 118 (2d Cir. 2013) ............................................................. 16

*Machibroda v. United States*, 368 U.S. 487 (1962)..................................................................... 16

*Puglisi v. United States*, 586 F. 3d 209 (2d Cir. 2009). ............................................................... 16

**PRELIMINARY STATEMENT**

The Government respectfully submits this memorandum of law in opposition to the *pro se* petition filed by Carlos Alberto Ganan Ramirez ("Ganan" or "Petitioner") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (the "Petition," attached as Exhibit A). On January 25, 2019, Petitioner pled guilty, pursuant to a plea agreement (the "Plea Agreement," attached as Exhibit B), to engaging and attempting to engage in monetary transactions in criminally derived property of a value greater than $10,000, in violation of 18 U.S.C §§ 1957(a) and 2. On May 22, 2019, Petitioner was sentenced to 80 months' imprisonment and two years of supervised release. Petitioner filed the Petition on May 7, 2020. The Government respectfully submits that the Court should be deny the Petition on the merits without a hearing.

Petitioner claims that defense counsel Jose Quiñon rendered constitutionally ineffective assistance of counsel during sentencing. He presents two main grounds. *First*, he argues that Quiñon was ineffective for not arguing against "unwarranted sentencing disparities" between co-conspirators and similarly situated defendants nationwide, a § 3553(a) factor. *Second*, he claims that Quiñon was ineffective for not arguing about Petitioner's "substantial assistance" to authorities, in favor of a reduction under § 1B1.8. *Third*, Petitioner discusses several sentencing factors and departures which he believes independently merit a sentencing reduction. .

Petitioner's claims of ineffective assistance are factually inaccurate and meritless. *First*, Petitioner ignores that, because of Quiñon's advocacy—whom the Court described as an "outstanding lawyer"—the Court granted a 40-month variance from the stipulated Guidelines range, a variance of 33%. *Second*, Quiñon could not have raised the arguments about similarly situated defendants about which Petitioner complains because, at the time of Petitioner's sentencing, the two co-conspirators to which Petitioner points had not yet been sentenced. *Third*,

contrary to Petitioner's argument, Quiñon did bring Petitioner's attempts at cooperating with the Government to the Court's attention, and the Court, in fact, factored that into its decision to grant Petitioner a large variance. *Fourth*, Petitioner's remaining claims are merely attempts to relitigate his sentencing, which is not a permissible use of § 2255. *Fifth,* because Petitioner's claims are meritless, they do not warrant a hearing. Therefore, Quiñon's sentencing advocacy passes constitutional muster and Petitioner's motion should be denied.

## BACKGROUND

### I. The Offense Conduct and Indictment

On November 28, 2016, Petitioner was charged in Indictment 16 Cr. 782 (the "Indictment," attached as Exhibit C) with conspiring to launder narcotics proceeds in violation 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957(a) (Count One), and the substantive money laundering offenses spanning from approximately 2009 through November 2014 (Count Two and Count Three). Count Three specifically alleged that during the above period, Petitioner and others engaged and attempted to engage in monetary transactions, in excess of $10,000, derived from illegal narcotics trafficking activities, in violation of 18 U.S.C §§ 1957(a) and 2.

As described in the Presentence Investigation Report (the "PSR," attached as Exhibit D), a Drug Enforcement Administration investigation revealed that Petitioner was participating in the "black market peso exchange," a money laundering vehicle for, among others, Colombian narcotics traffickers. (Ex. D p. 5). Petitioner knowingly coordinated the laundering of traffickers' proceeds through fraudulent transactions with Chinese consumer goods companies. (*Id.*). Overall, Petitioner participated in the laundering of at least approximately $27 million through the black market peso exchange. (*Id.*).

### II. The Guilty Plea

On January 25, 2019, Petitioner appeared before the Court to plead guilty to Count Three of the Indictment, pursuant to the Plea Agreement. Under the Plea Agreement, the Government dismissed Count One and Two. (Ex. B p. 1). The initial Guidelines calculation had placed Petitioner at an offense level of 37 and in the corresponding range of 210 to 262 months'

imprisonment[1], but the statutory maximum under 18 U.S.C. § 1957 was 120 months. (*See* Ex. B p. 3). Accordingly, the parties stipulated that the applicable Guidelines range was 120 months' imprisonment. (*See id*.). The parties agreed that neither upward or downward departures were warranted, but that either party may seek an alternative sentence based on the § 3553(a) factors. (*Id.*). Petitioner waived his right to appeal or collaterally challenge his sentence if it was at or below 120 months' imprisonment, yet preserved his right to bring an ineffective assistance of counsel claim under § 2255. (*Id*. p. 4).

### III. The Sentencing

On May 13, 2019, Quiñon filed the defense's sentencing submission (the "Sentencing Submission," attached as Exhibit E) and "request[ed] a downward variance pursuant to the factors listed in 18 U.S.C. § 3553(a)." (Ex. E p. 1). Quiñon cited each § 3553(a) factor, including "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." (*Id.* p. 5). The Sentencing Submission went in depth about Petitioner's "significant financial, educational, and cultural limitations" (*id.* p. 3), "efforts to provide a better future for his daughters" (*id.*), strong familial and marital ties (*id.*), character letters by family and friends (*id.*), charity work (*id.* p. 4), lack of a criminal record (*id.*), high level of remorse (*id.*), and the harsh conditions of his imprisonment in Colombia (*id*. p. 6).

---

[1] This initial range was calculated from a base offense level of 30, increased by six levels because Petitioner knew the money he laundered represented narcotics proceeds, increased by four levels because Petitioner was in the money laundering business, and reduced by three levels for his assumed acceptance of responsibility. There was no adjustment for Criminal History because Petitioner had no criminal history points. (Ex. B p. 2).



The Court sentenced Petitioner on May 22, 2019. At the sentencing hearing, Quiñon again requested a downward variance and highlighted Petitioner's personal characteristics and history as relevant to § 3553(a) sentencing considerations. (*See* Sentencing Transcript, attached as Exhibit H, p. 8). This included Petitioner's age (*id.* p. 4), close familial ties (*id.* p. 8), lack of criminal history *(id.* p. 9), and the conditions of Petitioner's imprisonment in Colombia (*id*. p. 5-6). In addition, in response to the Court's questioning, Quiñon also noted that Petitioner was a "cog" in the money laundering operation in which he participated, rather than a significant

9

player, and that Petitioner had made very little money from the scheme. (*Id*. p. 10-11). In response, the Government argued for a Guidelines sentence based on, among other things, the fact that Petitioner had participated in a massive money-laundering scheme that aided narcotics traffickers and that Petitioner had drawn his nephew, Nicolas Alejandro Palacino Grajales, into the scheme. (*Id*. p. 14-15).

The Court then calculated the Guidelines calculation consistently with the range to which the parties had stipulated in the Plea Agreement and which was contained in the PSR. (Ex. H p. 18-19). The Court then identified several factors upon which it was basing its intended sentence, including Petitioner's characteristics, like his familial connections, his impoverished upbringing, the fact that this was Petitioner's first criminal conviction, and "the fact that Mr. Ganan Ramirez has endeavored to provide some assistance to the government." (*Id.* p. 19-20).[3] Based on these factors, the Court concluded that "a variance is appropriate here," and sentenced Petitioner to 80 months' imprisonment, a 40-month variance from the stipulated Guidelines range. (*Id.* p. 21-22). At the close of sentencing, the Court praised defense counsel's efforts, stating, "Mr. Quinon and Mr. Velasquez have done a fine job in representing you. Mr. Quinon has appeared before me in other matters and he is an outstanding lawyer." (*Id.* p. 23).

**IV.     Filing of the Petition**

On May 7, 2020, Petitioner submitted this *pro se* Petition arguing Quiñon rendered ineffective assistance of counsel in sentencing, thereby depriving him of his Sixth Amendment rights and entitling him to relief under § 2255. The Petition rests on two claims: that Quiñon was ineffective for not arguing about unwarranted sentence disparities (Ex. A p. 11) or Petitioner's

---

[3] The final sentence of 80 months' imprisonment reflected an understanding that Petitioner would be credited for time served since being arrested for extradition in Colombia. (Ex. H p. 22).

alleged "substantial assistance" to authorities (*id.* p. 12). The Petition also argues that the § 3553(a) factors warrant a sentence reduction (*id.* p. 17) and for additional departures based on U.S.S.G. §§ 5H1.5, 5H1.6, and 5H1.9 (*id.* p. 18-20).

## ARGUMENT

### I. Applicable Law

*Strickland v. Washington* established the two-prong standard for evaluating claims of ineffective assistance of counsel, in violation of defendants' Sixth Amendment rights. 466 U.S. 668 (1984). *See Perez v. Conway*, No. 09 Civ. 5173, 2011 U.S. Dist. LEXIS 28164 (S.D.N.Y. Mar. 18, 2011). Petitioner must prove that (i) counsel's performance was deficient, falling below an "objective standard of reasonableness . . . under prevailing professional norms," and (ii) that deficient performance resulted in actual "prejudice" to the defendant. *Strickland*, 466 U.S. at 688, 693.  Because Petitioner is moving *pro se*, the Court must liberally construe Petitioner's submissions and interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)).

Under the first prong, defense counsel is given substantial deference. Courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Petitioners carry a heavy burden to show counsel's actions do not reflect strategic choices, given the "wide latitude counsel must have in making tactical decisions." *Id.*. Under the second prejudice prong, petitioners additionally must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 669. For claims of ineffective assistance in connection with sentencing, this means "a reasonable probability that the sentencing judge . . .

would have imposed a different sentence." *Perez*, 2011 U.S. Dist. LEXIS 28164, at *15. This probability is defined as "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 669. Such probability, or "likelihood of a different result," must be "substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (discussing *Strickland*, 466 U.S. at 693).

## II. Discussion

Petitioner's claims are without merit, and should be denied without a hearing.

*First*, while Petitioner criticizes Quiñon's performance, the fact is that Quiñon secured a very favorable sentence for Petitioner. Petitioner was facing charges that carried a potential sentence of decades in prison. Despite that, through Quiñon's efforts, the Court sentenced Petitioner to a fraction of the potential term of imprisonment that Petitioner faced. Indeed, Quiñon's advocacy secured a plea agreement from the Government that capped Petitioner's sentencing exposure at 120 months' imprisonment, approximately half of the potential Guidelines range Petitioner faced, and then, in turn, persuaded the Court to grant a downward variance from that generous stipulated Guidelines range of 40 months, *i.e.*, a reduction by one-third. While 80 months is undoubtedly a substantial sentence, Petitioner cannot successfully claim that his defense counsel was ineffective in connection with sentencing when defense counsel shaved potentially more than a decade from Petitioner's sentence. *See*, *e.g.*, *United States v. Deaza-Alcala*, No. 15 Cr. 321 (GHW), 2019 WL 2208839, at *5 (S.D.N.Y. May 21, 2019) (denying § 2255 challenge to defendant's sentence because the defendant "benefited from a substantial downward variance" at sentencing).

*Second*, Petitioner's claim that his counsel failed to press purported sentencing disparities between himself, Grajales, and Thanh Hai Nguyen, another co-conspirator, is flatly contradicted

by the record. Petitioner was sentenced in May 2019, while Grajales was not sentenced until June 10, 2019, and Nguyen was not sentenced until June 17, 2019. Therefore, it would have been impossible for Quiñon to point to Grajales' or Nguyen's sentence as a basis for a lesser sentence for Petitioner.[4] *See Aparicio v. Artuz*, 269 F.3d 78, 99 (2d Cir. 2001) ("The failure to include a meritless argument does not fall outside the 'wide range of professionally competent assistance' to which Petitioner is entitled." (internal citations omitted)). *See also Brown v. Fillion*, No. 03 Civ. 5391 (DLC) (GWG), 2005 U.S. Dist. LEXIS 11378, at *49 (S.D.N.Y. June 5, 2005) ("Obviously, counsel cannot be found ineffective for failing to raise meritless issues."); *Ruggiero v. United States*, No. 10 Civ. 2941 (LMM), 2011 U.S. Dist. LEXIS 18625 (S.D.N.Y. Feb. 25, 2011).

Moreover, to the extent Petitioner claims that Quiñon should have argued that Petitioner deserved a lesser sentenced based on a comparison to similarly-situated defendants nationwide, Petitioner does not cite any examples to support his position. In fact, the Second Circuit has held that the "mandate to take into account nationwide disparities under § 3553(a)(6) . . . is modest" given the difficulty in comparing defendants nationwide and judges' inability to act as "social scientist[s]." *United States v. Wills*, 476 F.3d 103, 110 (2d Cir. 2007). Therefore, it is "not objectively unreasonable for [counsel] to not explicitly reference national consistency and disparities, and there is no reasonable probability that [petitioner's] sentence would have been different for his failure to raise this issue." *Dodakian v. United States*, No. 14-CV-01188 (AJN)(SN), 2015 U.S. Dist. LEXIS 179409, at *67 (S.D.N.Y. Aug. 14, 2015). In any event, the United Sentencing Commission's statistics show that in the 2019 fiscal year—the year in which

---

[4] Together with this opposition, the Government is also submitting an *ex parte* letter providing additional information in support of the Government's argument that Petitioner is not similarly situated to Grajales and Nguyen.

13

Petitioner was sentenced—the national average sentence for defendants convicted of money laundering was 61 months' imprisonment. (*See* 2020 United States Sentencing Commission Statistics Packet, at p. 11, attached hereto as Exhibit I). Given that Petitioner was convicted of participating in a money laundering scheme involving tens of millions of dollars, and in which he embroiled his own family, it is certainly a reasonable defense strategy to not highlight the fact that the national average for money laundering sentences was a mere 19 months' shy of the sentence the Court ultimately imposed.

*Third*, while Petitioner complains that Quiñon should have argued about Petitioner's substantial assistance, the fact is that Quiñon did raise that matter not only with the Court, but with the Government in the first instance. *See Raupp v. United States*, No. 06 Civ. 7161 (SAS), 2007 U.S. Dist. LEXIS 85625, at *23-24 (S.D.N.Y. Nov. 14, 2007) (rejecting an ineffective assistance claim that defense counsel "should have" raised a departure when counsel in fact "made this argument"). Moreover, Quiñon's advocacy had an impact—the Government offered Petitioner a plea agreement that essentially halved his potential exposure, and the Court specifically noted Petitioner's attempted cooperation as one of the bases to vary from the Guidelines by 40 months.[5] Petitioner cannot prevail on his claim that his attempted cooperation

---

[5] The fact that Petitioner's efforts did not result in a cooperation agreement and a Government motion pursuant to Section 5K1.1 (a "5K Motion") of the United States Sentencing Guidelines is not an issue for the Court. *See, e.g., United States v. Cohen*, No. 18 Cr. 602 (WHP), 2020 U.S. Dist. LEXIS 50892, at *3 (S.D.N.Y. Mar. 24, 2020) (stating it is generally "not within this Court's purview to review [the Government's] determination [to file a 5K Motion]"). *See also United States v. Scarpa*, 861 F.3d 59, 69 (2d Cir. 2017) (regarding such motions "it is not the office of the court to weigh the equities or reassess the facts underlying the government's exercise of its discretion"); *United States v. Brown*, 321 F.3d 347, 354 (2d Cir. 2003) ("The decision whether to file a section 5K1.1 motion for a defendant's substantial assistance lies within the discretion of the government."); *United States v. Rexach*, 896 F.2d 710, 713 (2d Cir. 1990) ("The question of substantial assistance is self-evidently a question that the prosecution is uniquely fit to resolve." (internal quotations omitted)).

would have altered his sentence when the Court already factored these efforts into its sentencing decision. *See Sears v. Upton*, 561 U.S. 945, 956 (2010) (courts must "assess whether there is a reasonable probability that [petitioner] would have received a different sentence").

*Fourth*, Petitioner's remaining arguments are merely efforts to relitigate his sentence. Petitioner argues that "[i]t is really important that the § 3553(a) factors have an impact in this case," "[t]he activities done by Mr. Ganan during his time incarcerated deserve and especial mention," and "[t]he § 3553(a) factors should grant reduction." (Ex. A p. 16-17). The Court, however, has already considered the § 3553(a) factors when it imposed an 80-month term of imprisonment. Petitioner, also, has already agreed in the Plea Agreement not to challenge a sentence of less than the stipulated Guidelines range of 120 months. Thus, what Petitioner is doing is "dress[ing] up his claim as a violation of the Sixth Amendment," while, in reality "challenging the correctness of his sentence under the Sentencing Guidelines, and is therefore barred by the plain language of the plea agreement." *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998). Petitioner is not permitted to make such an "end run" around the terms of his Plea Agreement through a § 2255 motion. *See United States v. Williams*, 448 Fed.Appx. 156, 157 (2d Cir. 2012) ("[H]aving waived his right to appeal any sentence within or below the Guidelines range, he may not now do an end-run around his plea agreements on the ground of ineffective assistance.").

*Fifth*, the Government respectfully requests the Court denies the Petition on the merits without an evidentiary hearing. Under 28 U.S.C. § 2255(b), the Court must hold a hearing "unless the motion and the files and the records conclusively show that the prisoner is entitled to no relief." As demonstrated above, Petitioner is clearly not entitled to relief because his ineffective assistance claims are plainly inaccurate and meritless. Quiñon's performance was not

deficient for failing to raise "unwarranted sentencing disparities" that simply did not exist. Quiñon also performed dutifully when he in fact raised Petitioner's assistance. It is unreasonable to suggest Petitioner was prejudiced by Quiñon's advocacy, in these regards or otherwise, given the Court's weighted consideration of all factors. Therefore, Petitioner has failed to meet his burden that his claim is "plausible" to necessitate an evidentiary hearing. *See Puglisi v. United States*, 586 F. 3d 209, 213 (2d Cir. 2009); *Gonzalez v. United States*, 722 F.3d 118, 130 (2d Cir. 2013) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

## **CONCLUSION**

For the foregoing reasons, the Government respectfully requests that the Court deny Ganan's Petition, on the merits and without an evidentiary hearing.

Dated: New York, New York
      August 10, 2020

                                  Respectfully submitted,

                                  AUDREY STRAUSS
                                  Acting United States Attorney

                    By:   /s/Sidhardha Kamaraju
                          SIDHARDHA KAMARAJU
                          Assistant United States Attorney
                          (212) 637-6523

## AFFIRMATION OF SERVICE

I, Sidhardha Kamaraju, affirm under penalty of perjury as follows:

1. I am an Assistant United States Attorney in the Southern District of New York.

2. On August 10, 2020, I caused a copy of the foregoing to be served on the defendant via U.S. mail at the following address:

> Carlos Alberto Ganan Ramirez
> 76162-054
> D. Ray James C.F.
> Federal Medical Center
> P.O. Box 2000
> Folkston, GA 31537

Dated: New York, New York
August 10, 2020

/s/Sidhardha Kamaraju
Sidhardha Kamaraju
Assistant United States Attorney
(212) 637-6523